NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL ANGEL LOPEZ-LOPEZ,

　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　Respondent.

No. 22-844

Agency No.
A091-531-728

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

　　Miguel Angel Lopez-Lopez (Lopez), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' (BIA) order denying his

applications for asylum, withholding of removal, and protection under the

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).  We "review legal conclusions *de novo*" and "review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief."  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citation omitted).  We assume the parties' familiarity with the facts and recite them only as necessary.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

The BIA did not err by affirming the Immigration Judge's (IJ) order denying Lopez's applications for asylum and withholding of removal.  On appeal to the BIA, Lopez failed to challenge the IJ's finding that the harm he suffered in Mexico did not rise to the level of past persecution.  The BIA concluded that Lopez waived any challenge to the IJ's past persecution finding.  Lopez does not dispute the BIA's waiver determination, and the government properly raises Lopez's failure to exhaust his administrative remedies under 8 U.S.C. § 1252(d)(1).  We therefore deem unexhausted Lopez's argument that he suffered past persecution.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

With respect to Lopez's argument that he will face future persecution in Mexico, substantial evidence supports the BIA's conclusion that he failed to establish that any future harm he may suffer if he returns to Mexico would be on account of his political opinion.  *See Gutierrez-Alm v. Garland*, 62 F.4th 1186,

1198–99 (9th Cir. 2023). Lopez fears that he will be arrested in Mexico because he was a member of a group that protested the state of Oaxaca's property policies by occupying contested land. Lopez was previously arrested for this incident, and Oaxacan authorities have sought a subsequent warrant for his arrest.

Prosecution for criminal activity does not constitute persecution unless the prosecution is "pretextual" or results in punishment that is "disproportionately severe." *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc). Lopez fails to show that his prosecution would be pretextual. He does not challenge the validity of the offense charged in the warrant, and he testified that whether his group had the right to occupy the land remains unresolved. There is also no evidence that Lopez's punishment will be disproportionately severe. Lopez was previously released by the Oaxacan police after two days, and his brother was released on bail after being arrested on similar charges.

The BIA also did not err in affirming the IJ's order denying Lopez's application for withholding of removal because, having failed to demonstrate a well-founded fear of future persecution for asylum purposes, Lopez also fails to meet the higher "clear probability" standard for withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) (quoting *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001)).

Finally, the BIA did not err by affirming the IJ's order denying Lopez's

application for CAT protection. Lopez did not show that he was tortured in the past. *See Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is 'more severe than persecution.'" (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018))). And his brother and sister—who participated in the same land occupation as Lopez—remain in Mexico and have not been tortured. *See Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011) ("[T]he lack of harm to similarly situated family members and close associates generally undercuts an alien's fear of harm at the hands of the government.").

**PETITION DENIED.**